| | |
|---|---|
| ELSIE TORRES ROSARIO, | |
| Plaintiff, | |
| v. | CIVIL NO.: 18-1924 (MEL) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER**

Pending before the court is Elsie Torres Rosario's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits under the Social Security Act. ECF No. 14. Plaintiff challenges the administrative law judge's determination at step two of the sequential process regarding the evaluation of her mental impairments. It is also alleged by Plaintiff that the administrative law judge erred at step four of the sequential process by finding that she was able to perform her past work.

**I.  Procedural and Factual Background**

On September 11, 2013, Plaintiff filed an application for Social Security benefits alleging that on February 13, 2012 ("the onset date"), she became unable to work due to disability. Tr. 14.[1] Prior to becoming unable to work, Plaintiff worked as a suction plate carrier cleaner. Tr. 23. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. Tr. 16. Plaintiff's disability claim was denied on February 21, 2014, and upon reconsideration. Tr. 14. Thereafter, Plaintiff requested a hearing which was held on July 15, 2016

---

[1] "Tr." refers to the transcript of the record of proceedings.

before Administrative Law Judge Luke A. Brennan ("the ALJ"). Tr. 38-52. On September 9, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 23. Thereafter, Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1-3. Plaintiff filed a complaint on December 3, 2018. ECF No. 3. Both parties have filed supporting memoranda. ECF Nos. 14, 15.

## II. Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### C. The ALJ's Decision

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. Tr. 16. Then, at step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Id. At step two, the inquiry as to severe impairments resulted in the ALJ determining that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, peritendinitis of the right shoulder, and osteoarthritis involving multiple sites." Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19. Next, the ALJ determined that during the relevant period

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) which require[s] lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting, standing and walking 6 hours in an 8 hour workday, and pushing and pulling as much as she can lift and carry. In addition, the claimant has the following postural limitations: climbing ramps, stairs, scaffolds, ladders and ropes frequently; and balancing, stooping, kneeling, crouching, and crawling frequently. In terms of manipulative limitations, the claimant can reach, including reaching overhead, with her right arm, her dominant arm, frequently.

Tr. 21. At step four, the ALJ determined that through the date last insured, Plaintiff could perform her past relevant work as a suction plate carrier cleaner "actually and generally performed." Tr. 23. Thus, the ALJ concluded that Plaintiff was not disabled. Id.

### III.   Legal Analysis

Plaintiff objects to the ALJ's final decision denying her disability benefits on two grounds. First, Plaintiff argues that the ALJ erred in evaluating her mental impairments at step

5

two of the sequential process. It is also alleged by Plaintiff that the ALJ erred in finding that she was able to perform her past work as a suction plate carrier cleaner.

### A. The ALJ's Evaluation of Plaintiff's Mental Impairments

Plaintiff argues that the ALJ's evaluation of Plaintiff's mental impairments was not based on substantial evidence. ECF No. 14, at 10. In evaluating the severity of Plaintiff's medically determinable mental impairment, the ALJ rates the degree of functional limitation caused by said impairment. See 20 C.F.R. § 404.1520a(b)(2). The ALJ assesses the degree of functional impairment resulting from four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. Id. at § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. If the degree of limitation in each of the first three areas is evaluated as mild or better, and there are no episodes of decompensation, the ALJ will generally conclude that the claimant's mental impairment is not severe. See 20 C.F.R. § 404.1520a(d)(1).

In his decision, the ALJ determined that Plaintiff's mental limitations were not severe. Tr. 16-18. The ALJ found that Plaintiff had mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in concentration, persistence or pace, without episodes of decompensation. Tr. 18. The ALJ considered treating psychiatrist Dr. Luis Carlos Rojas Ruiz's ("Dr. Rojas") report that Plaintiff had a depressed mood, but was also calm, cooperative, well-oriented, her concentration was preserved, the memory intact, and the judgment and insight good. Tr. 17, 382. The ALJ also cited to a November 2013 mental status evaluation conducted by consultant psychologist Dr. Edna E. Rodríguez ("Dr. Rodríguez") who reported that Plaintiff interacted and communicated well with family and friends. Tr. 17, 116. Dr. Rodríguez's evaluation also noted that Plaintiff reported daily activities of completing

chores, going to the supermarket, going to the utility companies to pay bills, and listening to music. Tr. 116.

The ALJ considered more recent evidence from March 2016 in which Dr. Rojas evaluated Plaintiff with a global assessment of functioning (GAF) score of 60-51, indicating moderate symptoms. Tr. 18, 472. At the hearing, the ALJ observed that Plaintiff "answered the questions from her representative and from the [ALJ] in a logical, coherent and responsive manner." Tr. 18. Furthermore, the ALJ's determination relied upon state agency psychological consultant Dr. Russell Phillips ("Dr. Phillips") who reviewed the record and found only mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, and pace. Tr. 18, 207-08. The ALJ gave significant weight to Dr. Phillips' opinion finding it was "supported by the mental clinical signs on the overall record from the consultative and treating sources." Tr. 22. Thus, the ALJ's determination that Plaintiff's mental limitations were non-severe is supported by substantial evidence.

Plaintiff argues that the ALJ erred in not considering the entirety of Dr. Rojas' opinions. ECF No. 14, at 10-11. However, most of the evidence cited by Plaintiff are not medical opinions as she claims, but her own subjective reports of her symptoms. See 20 C.F.R. § 404.1527(A)(1) (medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s) and your physical or mental restrictions."). For example, Plaintiff claims that "[she] was observed by Dr. Rojas with . . . decreased sleep, decrease[d] appetite, crying spells, decrease[d] energy, irritability, poor motivation." ECF No. 14, at 10; Tr. 99. However, in the same report, Dr. Rojas' findings were

that Plaintiff's concentration was preserved, memory was intact, thought process logical, coherent, and relevant, and her judgment and insight were good. Tr. 100.

Additionally, while Plaintiff argues that the ALJ incorrectly focused on stale evidence by relying on Dr. Rodríguez's 2013 consultation and Dr. Phillips's 2013 evaluation, the ALJ explained that subsequent treatment notes demonstrated that Plaintiff's mental functioning remained the same in 2016. Tr. 18, 472. The ALJ acknowledged that while later notes indicated that Plaintiff's remote memory was poor, her recent memory generally remained intact. Tr. 18.

Dr. Rojas' subsequent progress notes supports the ALJ's determination that Plaintiff's mental functioning remained the same after 2013. See Tr. 152-54 (April 2015 psychiatric progress notes stating that Plaintiff had fair recent memory; appropriate affect; logical, coherent, relevant, and organized thought process; and fair judgment); Tr. 174 (September 2015 psychiatric progress notes observing that Plaintiff was forgetful at times, but had alert orientation; logical, coherent, and relevant thought processes; preserved concentration; and fair recent memory); Tr. 180-81 (March 2016 psychiatric progress notes indicating that Plaintiff had appropriate affect; cooperative behavior; alert orientation; logical, coherent, and relevant thought process; and poor remote memory). Thus, the 2013 opinions constitute substantial evidence because they were consistent with more recent evidence. See Abubakar v. Astrue, Civ. No. 1:11-cv-10456, 2012 WL 957623, at *12 (D. Mass. Mar. 21, 2012) ("the ALJ may rely on older evidence when the information in that evidence remains accurate.").

Plaintiff seeks a reweighing of evidence, but the ALJ's conclusion must be upheld if it is supported by substantial evidence. See Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). In the case at bar, the ALJ cited to numerous medical opinions throughout the relevant period demonstrating that Plaintiff's mental functioning remained

normal, and thus, the ALJ's determination that Plaintiff's mental limitations were not severe is supported by substantial evidence. Tr. 17.

**B. The ALJ's Step Four Determination**

Plaintiff alleges that the ALJ failed to properly evaluate her asthma-related limitations, and thus erred at step four of the sequential process finding that she could perform her past relevant job as a suction plate carrier cleaner. ECF No. 14, at 16-18.

In his decision, the ALJ noted that examining family physician Dr. Sonia Correa Marra ("Dr. Correa") diagnosed Plaintiff with asthma. Tr. 17, 122. However, it was determined by the ALJ that the objective medical evidence demonstrated that the asthma was not a severe impairment. Tr. 16, 17. The ALJ relied upon consultative examiner internist Dr. Yarelis Marie Pérez Rivera's ("Dr. Pérez") physical examination of Plaintiff that found her lungs to be normal without signs of rales, ronchi, or wheezing. Tr. 17, 415. Dr. Pérez's findings were consistent with examining rheumatologist Dr. Roberto Alvarez's ("Dr. Alvarez") treatment notes indicating that Plaintiff's lungs were clear to auscultation. Tr. 17, 534. Lastly, the ALJ noted that Plaintiff had never required emergency room treatment for her asthma, and the treating physicians had not conducted regular pulmonary function or spirometry tests. Tr. 17. The ALJ's determination that the medical evidence did not support any limitation in the RFC for Plaintiff's asthma is supported by substantial evidence.

Plaintiff's argument that the ALJ did not adequately consider her asthma relies on her own testimony as evidence. ECF No. 14, at 17-18; Tr. 45-46. At the hearing, Plaintiff testified that her asthma was rare. Tr. 46. The ALJ then asked, "So, when you stopped working, your asthma improved," and Plaintiff responded, "Yes." Tr. 46. Plaintiff relies on this testimony to argue that her asthma prevented her from performing her past relevant work as a suction plate

carrier, which the ALJ determined at step four that Plaintiff could perform. ECF No. 14, at 17-18. Plaintiff claims that "[t]he ALJ should have considered that the Plaintiff, even with her non-severe asthma, required a clean environment to work." Id. at 18. The Government, on the other hand, argues that the Dictionary of Occupational Titles (DOT) indicates that suction plate carrier jobs, as generally performed, do not involve exposure to "atmospheric conditions, toxic caustic chemicals, or other environmental conditions." ECF No. 15, at 13.

At step four of the sequential process, the ALJ assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). A claimant retains the capacity to perform her past relevant work when he can perform the functional demands and duties of the job as he actually performed it or as generally required by employers throughout the national economy. See SSR 82-61, 1982 WL 31387 at *2; Ramos-Rodríguez v. Comm'r of Soc. Sec., Civ. No. 11-1323, 2012 WL 2120027, at *5 (D.P.R. June 11, 2012) ("A claimant is in turn deemed capable of performing his past relevant work if his RFC allows him to do the job '[e]ither as the claimant actually performed it or as generally performed in the national economy.'"(citing 20 C.F.R. § 404.1560(b)(2)); see also Gray v. Heckler, 760 F.2d 369, 372 (1st Cir. 1985) ("However, a claimant does not make a prima facie showing of disability merely by establishing that she cannot return to a particular prior job. Rather, the claimant must establish an inability to return to her former type of work." (emphasis in original)).

In the case at bar, the vocational expert testified that Plaintiff's past relevant job as a suction plate carrier cleaner is within Plaintiff's residual functional capacity. Tr. 23, 49. Thus, ALJ found that Plaintiff could perform her past relevant work as a suction plate carrier cleaner "as actually and generally performed." Tr. 23. Even assuming arguendo that Plaintiff is unable to

perform her past job as a suction plate carrier cleaner as she performed it, the relevant inquiry is whether Plaintiff can perform her past relevant work either as she performed it or as it is generally performed. See Ramos-Rodríguez, 2012 WL 2120027, at *5. The DOT job description for suction plate carrier cleaner does not involve exposure to atmospheric conditions, environmental conditions, or toxic caustic chemicals. See DOT (4th Ed., Rev.), 1991 WL 674783 (Jan. 1, 2016). Plaintiff has not cited to any evidence demonstrating that she could not perform her former type of work in the conditions in which it is generally performed. The ALJ's determination that Plaintiff could perform her past relevant work as a suction plate carrier cleaner is supported by substantial evidence. Tr. 23.

**IV.  Conclusion**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March, 2020.

s/Marcos E. López  
U.S. Magistrate Judge